ACCEPTED
12-15-00277-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/16/2015 5:51:19 PM
Pam Estes
CLERK

Case Number 12-15-_____-CV

IN THE TWELFTH DISTRICT COURT OF APPEALS
AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/16/2015 5:51:19 PM
PAM ESTES
Clerk

IN Re AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY

_____

Original Proceeding from the 188th Judicial District Court
Of Gregg County, Texas
Trial Court Cause Number 2014-1365-A

_____

**RELATOR AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S
EMERGENCY MOTION FOR TEMPORARY RELIEF**

**WALTERS, BALIDO & CRAIN, L.L.P.**
**Gregory R. Ave**
State Bar No. 01448900
greg.ave@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Telephone Number (214) 347-8310
Facsimile Number (214) 347-8311

ATTORNEYS FOR RELATOR
AAA TEXAS COUNTY MUTUAL
INSURANCE COMPANY

**November 16, 2015**

IN THE TWELFTH DISTRICT COURT OF APPEALS
AT TYLER

_____

IN Re AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY

_____

Original Proceeding from the 188th Judicial District Court
Of Gregg County, Texas
Trial Court Cause Number 2014-1365-A

_____

**RELATOR AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S**
**EMERGENCY MOTION FOR TEMPORARY RELIEF**

_____

TO THE HONORABLE TYLER COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 52.10(a), Relator AAA Texas County Mutual Insurance Company ("AAA") moves the Court for an emergency stay of the trial court's order compelling AAA to respond to certain discovery requests propounded on AAA by Plaintiff and Real Party in Interest Thomas Jackson ("Jackson") regarding his extra-contractual claims prior to a determination of his claim for underinsured motorist ("UIM") benefits, while AAA pursues an original proceeding from the trial court's orders denying AAA's motion to sever and abate those extra-contractual claims and compelling discovery, and show:

1

AAA is the defendant in the underlying action and Jackson is the plaintiff. Respondent is the Honorable David Brabham, Presiding Judge of the 188th Judicial District Court of Gregg County, Texas ("the trial court").

AAA files this Motion concurrently with their Petition for Writ of Mandamus. All "MR __" references herein are to the indicated Tab of the *Verified Mandamus Record*, with page numbers of the electronically filed document. AAA's counsel has attached a certificate of compliance to certify that Jackson and the trial court have been notified by telephone, facsimile, eServe, or hand delivery that a motion for temporary relief would be filed. TEX. R. APP. P. 52.10.

Jackson sued AAA seeking to recover UIM benefits for injuries he allegedly sustained as a result of a motor vehicle accident involving a vehicle driven by Patricia Tompkins ("Tompkins"). [MR 6-14.] As a result of the accident, Jackson submitted a claim to AAA for UIM benefits. [MR 1.] After evaluating Jackson's claim, AAA offered Jackson $20,000.00 to fully and finally settle any and all claims of Jackson for UIM benefits, which was in addition to the $5,000.00 in personal injury protection ("PIP") benefits previously paid to Jackson by AAA, and the $30,000.00 he received

from Tompkins. [*Id.*] Jackson rejected AAA's settlement offer and instituted the underlying lawsuit against AAA. [MR 2-3.]

In his second amended petition (*i.e.*, the live pleading), Jackson seeks UIM benefits under a Texas personal automobile policy number TPA-016443353 issued by AAA to Jackson ("the policy"), as well as damages for breach of contract, purported breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and attorneys' fees based on his misguided request for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. [MR 6-14.] AAA's alleged breach of contract, common law bad faith, and statutory violations are, solely based on Jackson's demand AAA pay him the $20,000.00 previously offered by AAA, and previously rejected by Jackson – but without any settlement or finality of Jackson's claims against AAA. In essence, it is the contention of Jackson that AAA has breached the policy and acted in bad faith by not funding Jackson's UIM lawsuit against AAA (i.e., paying the $20,000.00 offered by AAA and rejected by Jackson) – all before Jackson obtains a legal determination of Tompkins' liability, the amount of his actual damages, and that such damages exceed the $5,000.00 in PIP and

$30,000.00 in liability limits previously paid to Jackson, or the full limit of liability available under Tompkins' personal auto policy (whichever is greater). [*Id.*]

On January 19, 2015, AAA filed its motion to sever and abate Jackson's extra-contractual claims, pending a fully adversarial trial to determine the liability or fault of Tompkins in causing the accident with Jackson, the amount of his actual damages, and a determination as to whether Jackson's actual damages exceed the $35,000.00 he has already received or the limits of liability in Tompkins' auto policy (whichever is greater) (the "Motion"). [MR 66-80.] After various procedural machinations, exchange of discovery, and a motion to compel filed by Jackson, on October 6, 2015 AAA notified Jackson that the trial court had set the hearing on its motion to sever and abate for November 6, 2015. [MR 127.] Jackson filed his response to the Motion on the day prior to the hearing, November 5, 2015. [MR 128.] The trial court held the hearing on the Motion and on the same day, November 6, 2015, signed an order DENYING the Motion in its entirety, holding that Jackson's "extra-contractual claim will not be severed from the underlying contract claim and the extra-contractual claims are not abated" – which necessarily

includes discovery into same – and ordering that "trial shall be bifurcated as to [Jackson's] extra-contractual claims." [MR 138.]

On the same day, the trial court entered an order on Jackson's motion to compel discovery responses from AAA wherein the trial court judicially determined:

> ➢ the following requests are related to the incident underlying the suit, [Jackson's] claims for breach of contract and/or [Jackson's] claims for declaratory judgment:
>
> [Jackson's] Request for Admission No. 18; [Jackson's] Interrogatories Nos. 1, 2,4,5, 7, 9, 10, 11, 12, 13, 15, and 20; [Jackson's] Requests for Production Nos. 2, 3, 4, 5, 7, 9, 10, 11, 12, 13, 15, 16, 17, 18, 25, and 29; and [Jackson's] Request for Production No. 34, to the extent it pertains to these immediately aforementioned discovery requests. It is, therefore, ORDERED that [AAA] shall fully respond to these requests and interrogatories and produce all responsive information and documents . . .

> ➢ the following requests are related to the [Jackson's] extra-contractual claims:
>
> [Jackson's] Request for Admission No. 17; [Jackson's] Interrogatories Nos. 3, 6, 8, 14, 16, 17, 18, and 19; [Jackson's] Requests for Production Nos. 1, 6, 8, 14, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, and 33; and [Jackson's] Request for Production No. 34, to the extent it pertains to these immediately

5

aforementioned discovery requests. It is, therefore, ORDERED that [AAA] shall fully respond to these requests and interrogatories and produce all responsive information and documents . . .

[MR 135-37.]

As asserted in AAA's *Petition For Writ Of Mandamus*, the trial court's order denying AAA's request to sever and abate the extra-contractual claims violates well established Texas law which requires a trial court both sever and abate extra-contractual claims until such time as Jackson establish he is legally entitled to recover UIM benefits and the insurer subsequently failed to pay same. That is, unless and until Jackson obtains a final judgment establishing the liability and underinsured status of Tompkins, AAA has no contractual obligation to pay UIM benefits to him. In this situation, a trial court is unquestionably required to both sever and abate the extra-contractual claims; otherwise, AAA is subjected to manifest injustice, prejudice, and irreparable harm.

As fully set forth in AAA's petition, the trial court abused its discretion in denying AAA's motion to abate discovery as to Jackson's extra-contractual claims and by compelling AAA to engage in discovery related to same. In this regard, the trial court's actions are in direct

contravention of well-established precedent from this Court, the Texas Supreme Court, and other Texas courts of appeals. Finally, AAA has no adequate remedy by appeal from such abuse.

This Court may grant temporary relief pending the determination of an original proceeding. TEX. R. APP. P. 52.10(a). AAA seeks an emergency stay, because the trial court's failure to abate Jackson's extra-contractual claims (and potential discovery related thereto) now requires AAA to produce documents, information, and answers to discovery which do not relate to the only issues which are ripe for determination – the legal liability of Tompkins, the amount of actual damages sustained by Jackson, and whether Tompkins is in fact an underinsured motorist. Temporary relief will prevent a waste of resources and preserve the *status quo*, while allowing the Court the proper time to review the merits of AAA's mandamus petition.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Relator AAA Texas County Mutual Insurance Company respectfully prays this Court stay the trial court's November 6, 2015 order compelling AAA to respond to discovery propounded by Jackson which relate to his extra-contractual

7

claims and which do not go to the issues delineated *supra*, and a stay of all further trial court proceedings in this matter until such time as this Court can review the merits and issue its opinion, and for general relief.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:     */s/ Gregory R. Ave*

GREGORY R. AVE
Texas Bar No.: 01448900
greg.ave@wbclawfirm.com
JAY R. HARRIS
Texas Bar No.: 00793907
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Telephone: 214-347-8310
Facsimile: 214-347-8311

ATTORNEYS FOR AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of November, 2015 a true and correct copy of the above document has been forwarded to all counsel of record in compliance with the Texas Rules of Civil Procedure.

The Honorable Judge David Brabham                    **Via hand delivery**
Judge of the 188th Judicial District Court of Gregg County, Texas
Gregg County Courthouse
101 East Methvin, Suite 408
Longview, Texas 75601

Justin A. Smith                                                      **Via E-Serve**
Glenn A. Perry
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

ATTORNEYS FOR REAL PARTY
IN INTEREST THOMAS JACKSON

                                      */s/ Gregory R. Ave*
                                        GREGORY R. AVE

## Certificate of Conference

Pursuant to Texas Rule of Appellate Procedure 10, I hereby certify that we contacted counsel for Jackson regarding the filing of this motion for temporary relief. Counsel for Real-Party-In-Interest is opposed.

                                      */s/ Gregory R. Ave*
                                        GREGORY R. AVE

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 52.10(a), I hereby certify that Respondent and counsel of record for Real-Party-in-Interest were notified that AAA is seeking a temporary stay through this motion while its Writ of Mandamus is under consideration.

_/s/ Gregory R. Ave_
GREGORY R. AVE